Filed 6/1/16  P. v. Stitt CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070222 |
| Plaintiff and Respondent, | (Super. Ct. No. F07905501) |
| v. | |
| DERRIC MEREDITH STITT, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Poochigian, Acting P.J., Peña, J. and Smith, J.

# INTRODUCTION

Defendant Derric Meredith Stitt was committed to consecutive prison sentences under the three strikes law (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for one serious and violent felony, and one nonserious, nonviolent felony conviction. He filed a petition for resentencing under section 1170.126, the Three Strikes Reform Act of 2012 (the Act). The superior court found him ineligible for resentencing on his nonserious, nonviolent conviction, because of the serious and violent felony conviction.

Defendant appealed the denial of his petition. After the parties' submitted briefing on this issue to this court, the California Supreme Court held "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 695 (*Johnson*).) *Johnson* makes clear that defendant was not statutorily ineligible for resentencing. Accordingly, we will reverse the order from which this appeal is taken and remand the matter for further consideration of defendant's petition.

## FACTS AND PROCEDURAL HISTORY[2]

A jury convicted defendant of second degree robbery (§ 211, count 1), second degree commercial burglary (§§ 459, 460, subd. (b), count 2), receiving stolen property (§ 496, subd. (a), count 3), attempted grand theft of property (§§ 664, 487, subd. (a), count 4), identity theft (§ 530.5, subd. (a), count 5), and resisting a peace officer, a misdemeanor (§ 148, subd. (a)(1), count 5). In a bifurcated proceeding, the jury found true allegations defendant had suffered five prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and he served two prior prison terms (§ 667.5, subd. (b)).

---

[1]All further references are to the Penal Code unless otherwise indicated.

[2]The procedural background is taken, in part, from this court's prior nonpublished opinion in *People v. Stitt* (Dec. 11, 2009, No. F055498).

Defendant received an indeterminate term of 25 years to life for his conviction for second degree robbery, a consecutive indeterminate 25 years to life sentence on his second degree commercial burglary conviction, and stayed indeterminate terms of 25 years to life on counts 3 through 5.[3] The trial court also imposed a 15-year term and an additional stayed five-year term for defendant's prior prison term enhancements.

On November 6, 2012, California voters approved Proposition 36, which amended the three strikes law. (*Johnson*, *supra*, 61 Cal.4th at p. 679.) The Act amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where a third strike offense is a serious or a violent felony, or where the prosecution pleads and proves an enumerated disqualifying factor. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(C); *Johnson*, *supra*, 61 Cal.4th at pp. 689-690.)

In addition, the Act added section 1170.126 to permit the recall of certain sentences imposed under the three strikes law. (*Johnson*, *supra*, 61 Cal.4th at p. 679.) Section 1170.126, subdivision (e)(1)-(3) sets forth an inmate's eligibility for resentencing and establishes several criteria that must be met.

First, the defendant must be serving an indeterminate term of life imprisonment imposed under the three strikes law for a nonserious, nonviolent felony conviction. (§ 1170.126, subd. (e)(1).) Section 1192.7, subdivision (c) defines "serious" felonies, and section 667.5, subdivision (c) defines "violent" felonies.

Second, the defendant's current sentence cannot have been imposed for certain enumerated crimes, such as certain felony sex offenses, crimes involving the use of a firearm or deadly weapon during the commission of the crime or the intent to cause great bodily injury to another person, and crimes involving the possession of substantial quantities of a controlled substance. Finally, the defendant must have no prior

---

[3]In his prior appeal (*People v. Stitt*, *supra*, F055498), this court reversed defendant's conviction for receiving stolen property (count 3), but affirmed all other convictions.

convictions for certain felonies deemed to be disqualifying under the Act. (See §§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

If the inmate meets these requirements, he or she is entitled to resentencing to twice the term otherwise provided as punishment for the current felony "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Thus, whether an eligible inmate ultimately obtains resentencing will depend upon the court's assessment of the inmate's dangerousness.

Defendant filed a petition in the superior court for resentencing on his conviction for second degree commercial burglary under the Act. The court denied his request, explaining that because defendant had also suffered a conviction for second degree robbery, a serious and violent felony (§§ 1192.7, subd. (c)(19), 667.5, subd. (c)(9)), he was ineligible for resentencing. The court acknowledged, however, the issue was then pending review before the California Supreme Court.

## ANALYSIS

After the parties submitted briefing, the California Supreme Court held in *Johnson* that an inmate is eligible for resentencing under section 1170.126 on a current conviction that is neither serious nor violent, even though the inmate has another current conviction that is serious or violent. (*Johnson*, *supra*, 61 Cal.4th at pp. 679–680.) The *Johnson* court explained an inmate's eligibility for resentencing under the Act must be evaluated on a count-by-count basis. (*Johnson*, at p. 688.)

Our Supreme Court explained that sentencing under the three strikes law has historically focused on the sentence to be imposed with respect to each count individually. (*Johnson*, *supra*, 61 Cal.4th at pp. 688–689.) The Proposition 36 ballot materials did not evidence an intent by the electorate to apply a different approach with respect to resentencing under section 1170.126. (*Johnson*, at pp. 690–691, 694.) The *Johnson* court reasoned evaluating resentencing eligibility on a count-by-count basis

4.

promotes punishment that fits the crime, effectuates the voters' intent of making room in prison for dangerous criminals while protecting public safety, and prevents a distinction in punishment based on whether counts were tried in the same prosecution. (*Id*. at p. 694.) As a result, the court concluded the Act "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson*, at p. 688.)

Here, defendant has one conviction for second degree robbery (§ 211), a serious and violent felony under the Act (§§ 1192.7, subd. (c)(19), 667.5, subd. (c)(9)), and one conviction for second degree commercial burglary (§§ 459, 460, subd. (b)), a nonserious, nonviolent felony.[4] Under *Johnson*, although defendant was convicted of robbery, this conviction does not make him ineligible as a matter of law for recall of sentence and resentencing on his other conviction. We, therefore, reverse the superior court's order and remand for a new hearing at which the court should determine defendant's eligibility for recall and resentencing on the second degree commercial burglary conviction in accordance with section 1170.126, subdivisions (e) and (f).

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded for further consideration of his petition.

---

[4]Defendant also has current convictions for attempted grand theft (§ 664, 487, subd. (a)) and identify theft (§ 530.5, subd. (a)), both nonserious and nonviolent felonies. Because these sentences were stayed under section 654, and the superior court's order denying his petition for resentencing makes no mention of these sentences, we presume he is not challenging them on appeal. However, whether defendant is eligible to challenge these sentences is within the discretion of the superior court.

5.